IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KHAVAL STEWART,

   Plaintiff,

v.                                    CIVIL NO.: WDQ-11-2396

CITI FINANCIAL AUTO, LLC,

   Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Khaval Stewart sued Citi Financial for release from an installment contract. ECF No. 1. Stewart alleges that "the contract was null and void" and claims that Citi Financial engaged in fraudulent behavior in entering into and enforcing the contract. Compl. ¶¶ 1-2. Stewart brought this action pro se, and seeks leave to proceed in forma pauperis, ECF No. 2, and that motion will be granted.

The jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. *See* U.S. CONST. ART. 3 § 2; 28 U.S.C. §§ 1331 & 1332. The Court, sua sponte, at any stage of a proceeding, may raise the question of subject matter jurisdiction. *See Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985). Unless the case involves specialized issues such as admiralty and patents, a federal district court typically will have jurisdiction only if the requirements of 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship) are satisfied.

Stewart relies on federal question jurisdiction in this case, but does not allege violation of any federal or constitutional law in the Complaint. Compl. ¶ 1. Thus, federal question jurisdiction cannot be the basis for this Court's subject matter jurisdiction.

Title 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties that reside in different states. There is no diversity of citizenship here because Stewart is a citizen of Maryland and it appears that Citi Financial is incorporated in Maryland and is thus also a citizen of Maryland. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (corporation is a citizen of any state where it is incorporated). In addition, the amount in controversy requirement is missing because, although Stewart alleges $500,000 in damages, he claims only that his actual damages are "over $17,000," Compl. ¶¶ 3, 6, requesting $487,000 in punitive damages. Compl. ¶ 6. Under Maryland law punitive damages are not available in contract actions. *Bowden v. Caldor, Inc.*, 350 Md. 4, 22, 710 A.2d 267, 276 (1998); *HBCU Pro Football, LLC v. New Vision Sports Props., LLC*, No. 10-0427, 2011 WL 2038512, *8 (D. Md. May 24, 2011). Because punitive damages are not available as a matter of law, the Complaint does not satisfy the amount in controversy requirement. Thus, diversity of citizenship cannot be the basis for this Court's subject matter jurisdiction.

For the reasons stated above, in the absence of any basis for subject matter jurisdiction, Stewart's Complaint will be dismissed without prejudice.[1]

8/31/11
Date

William D. Quarles, Jr.
United States District Judge

---

[1] Plaintiffs may want to consult an attorney to discuss legal options available to them.